OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Palmer.
[Cite as Disciplinary Counsel v. Palmer (1994),        Ohio St. 3d        .]
Attorneys at law -- Misconduct -- Indefinite suspension --
    Failure to take promised legal action on clients' behalf,
    despite repeated representations that legal proceedings
    were underway and that attorney was actively pursuing
    clients' interests -- Failure to assist disciplinary
    investigation.
    (No. 94-1858 -- Submitted October 24, 1994 -- Decided December 14, 1994.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-76.
    Relator, Office of Disciplinary Counsel, filed a five-count complaint on December 6, 1993, alleging misconduct against respondent, Jack Harold Palmer, of Defiance, Ohio, Attorney Registration No. 0010089. The counts alleged violations of DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglect of legal matter entrusted), and 7-101(A)(3) (prejudicing client during course of representation).
    The alleged violations arose out of conduct that occurred in 1991 and 1992. In each instance, respondent failed to take promised legal action on his client's behalf, despite respondent's repeated representations that legal proceedings were underway and that he was actively pursuing his clients' interests. Count I involved respondent's handling of a child-custody matter for Linda Whitney. After taking $50 from Whitney to cover filing fees, respondent informed her that a complaint and motion had been filed in her case. He later specified a date by which she would have custody of her children.

Delays in the case were blamed on the presiding judge's failure to contact respondent. Respondent, however, had never contacted the judge or the Defiance County Sheriff's Department as he had claimed; nor had he maintained his alleged contact with the Ohio Department of Human Services.

Count II arose from respondent's agreement to undertake an appeal for Larry Bergman from the denial of an unemployment compensation claim. Having appealed the administrative denial to common pleas court, respondent was given thirty days to file a brief. When no brief was forthcoming, opposing counsel moved to dismiss the case. Without advising Bergman, respondent moved to dismiss the appeal. Respondent later told Bergman that a settlement offer had been tendered. No such offer, however, had ever been made and no settlement was ever reached.

Count III stemmed from respondent's agreement to assist Eleanor Waltmire, in obtaining her share of her ex-husband's General Motors pension benefits that had been awarded to her in a divorce settlement. Respondent told Eleanor to expect a check by a given date. When no check was forthcoming, respondent assured her that he had spoken to a representative of Metropolitan Life Insurance Company -- the pension plan's administrator -- and was told that the check would be sent soon. Eleanor later learned that respondent had never contacted General Motors or Metropolitan Life.

In Count IV, respondent was retained by Mr. and Mrs. John Dodson, to secure a reduction of John's child support payments. Despite respondent's guarantees that the amount had been reduced, John's payments continued at the previous rate.

A claimed contact with a representative of the Child Support Enforcement Agency proved false. Respondent later promised the Dodsons that once he heard from the agency, he would contact them. The Dodsons never heard from respondent again.

Count V was generated by respondent's agreement to aid Tina Royal in seeking a divorce. Respondent prepared a separation agreement which was signed by both Tina and her husband. On four occasions, respondent informed Tina that a hearing was scheduled, only to inform her later that the hearing had been cancelled. Respondent, however, had never filed Tina's case.

After several unsuccessful attempts to contact respondent, Tina finally reached him and was told that the divorce was final. Tina learned from the court that her case had never been filed, only when the final papers failed to arrive. When confronted by Tina, respondent pleaded ignorance and returned her retainer fee.

A panel of the Board of Grievances and Discipline of the Ohio Supreme Court outlined its attempts to contact respondent in this disciplinary matter. Respondent signed the certified mail return receipt that accompanied the complaint and was ultimately deposed by relator. He failed, however, to answer either the complaint or the motion for default judgment. The panel found respondent guilty of all counts alleged, as well as Gov. Bar R. V(4)(G) (failure to assist disciplinary investigation). Citing respondent's misconduct and lack of cooperation, the panel recommended respondent's indefinite

suspension from the practice of law in Ohio.

The board concurred in the panel's findings, conclusions and recommendation and further recommended that the costs of the proceedings be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

Per Curiam.  We concur in the findings and recommendations of the board.  Respondent is hereby indefinitely suspended from the practice of law in Ohio.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.